**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-14-280-M |
| | ) | |
| DONOVAN GENE MERCER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion to Suppress, filed December 7, 2014. On December 31, 2014, the government filed its response.

On August 16, 2013, an FBI agent identified a computer user, at defendant's IP address, sharing child pornography files. The FBI agent downloaded two files from the host computer at defendant's IP address. After further investigation, the government requested a search warrant to search defendant's home in Noble, Oklahoma.

On December 9, 2013, United States Magistrate Judge Suzanne Mitchell signed a search and seizure warrant for FBI agents to search defendant's home. The warrant authorized the seizure, among other items, of (1) computers that may be, or are used to, depict, display, or access child pornography, (2) any documents or records relating to the possession, receipt, distribution, or accessing with intent to view child pornography, and (3) any visual depictions of minors engaging in sexually explicit conduct. On December 11, 2013, FBI agents executed the warrant and seized computer items that were later forensically examined.

On September 17, 2014, a federal grand jury indicted defendant on three counts of possession of child pornography. Defendant now moves this Court to suppress all items seized

during the December 11, 2013 search of his home. Specifically, defendant asserts the items should

be suppressed because the search warrant lacks particularity and is unconstitutionally overbroad.

The Fourth Amendment to the United States Constitution requires that search warrants

"particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const.

amend. IV. The particularity requirement prevents a "general, exploratory rummaging in a person's

belongings," and "ensures that a search is confined in scope to particularly described evidence

relating to a specific crime for which there is demonstrated probable cause." *United States v. Janus

Indus.*, 48 F.3d 1548, 1553-54 (10th Cir. 1995) (internal quotations and citations omitted). "A

description is sufficiently particular when it enables the searcher to reasonably ascertain and identify

the things authorized to be seized." *Id.* at 1554 (quoting *United States v. Wolfenbarger*, 696 F.2d

750, 752 (10th Cir. 1982)).

> The test applied to the description of the items to be seized is a practical one. A description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized. Even a warrant that describes the items to be seized in broad or generic terms may be valid when the description is as specific as the circumstances and the nature of the activity under investigation permit. However, the fourth amendment requires that the government describe the items to be seized with as much specificity as the government's knowledge and circumstances allow, and warrants are conclusively invalidated by their substantial failure to specify as nearly as possible the distinguishing characteristics of the goods to be seized.

*United States v. Leary*, 846 F.2d 592, 600 (10th Cir. 1988) (internal quotations and citations

omitted). Further, Tenth Circuit case law "requires that warrants for computer searches must

affirmatively limit the search to evidence of specific federal crimes or specific types of material."

*United States v. Burke*, 633 F.3d 984, 992 (10th Cir. 2011) (internal quotation and citation omitted).

Having carefully reviewed the parties' submissions, and particularly Attachment B, "List Of Items To Be Seized," to the Search and Seizure Warrant, the Court finds that the warrant was sufficiently particular.  Specifically, the Court finds that the warrant was not overbroad; the warrant did not authorize an unfocused inspection of all of defendant's property but was directed only at items related to child pornography and dominion and control of the pornography.  Further, the Court finds that the warrant's statutory references to "child pornography" and "sexually explicit conduct" narrowed the scope of the search and left little discretion to the agents.  The Court, therefore, finds that the items seized during the December 11, 2013 search of defendant's home should not be suppressed.

Accordingly, the Court DENIES defendant's Motion to Suppress [docket no. 34].

**IT IS SO ORDERED this 7th day of January, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE