# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-14-280-M |
| ) | |
| DONOVAN GENE MERCER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On December 10, 2014, the government filed a Notice of Intent to Introduce Rule 404(b) Evidence [docket no. 38]. Specifically, the government gave notice that it intends to introduce evidence of other internet activity relating to child pornography on defendant's Western Digital hard drive in late January 2012 and early February 2012. During the pretrial conference on January 12, 2015, defendant advised the Court that he objected to the introduction of this evidence. The Court then heard counsel's arguments regarding the admission of this evidence.

Federal Rule of Evidence 404(b) provides, in pertinent part:

> (b) Crimes, Wrongs, or Other Acts.
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident . . . .

Fed. R. Evid. 404(b). "The list of proper purposes is illustrative, not exhaustive, and Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition." *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001) (internal quotations omitted). To determine whether the admission of Rule 404(b) evidence

is proper, the Tenth Circuit applies "a four part test which requires that: (1) the evidence was offered for a proper purpose under Fed.R.Evid. 404(b); (2) the evidence was relevant under Fed.R.Evid. 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Fed.R.Evid. 403; and (4) the district court, upon request, instructed the jury to consider the evidence only for the purpose for which it was admitted." *United States v. Wilson*, 107 F.3d 774, 782 (10th Cir. 1997).

Having carefully reviewed the government's notice, and having heard counsel's arguments, the Court finds that the evidence of other internet activity relating to child pornography on defendant's Western Digital hard drive in late January 2012 and early February 2012 is admissible under Rule 404(b). First, the Court finds that such evidence is being offered for the proper purpose of showing defendant's motive, opportunity, intent, knowledge, identity, and absence of mistake or accident. Second, the Court finds that such evidence is clearly relevant to the crimes charged. Third, the Court finds that the probative value of such evidence is not substantially outweighed by its potential for unfair prejudice. Finally, the Court would note that it will give the jury a limiting instruction in relation to this evidence.

**IT IS SO ORDERED this 15th day of January, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE