# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff-Respondent, ) <br> ) <br> vs. ) <br> ) <br> DONOVAN GENE MERCER, ) <br> ) <br> Defendant-Movant. ) | Case No. CR-14-280-M <br> (CIV-17-207-M) |

## ORDER

Defendant-Movant Donovan Gene Mercer ("Mercer"), a federal prisoner, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on February 27, 2017. On May 24, 2017, plaintiff-respondent filed its response. On June 29, 2017, Mercer filed his Supplemental Brief to United States' Response to Movant's 28 U.S.C. § 2255 Motion, and on May 7, 2018, Mercer filed his Supplemental Brief Supporting an Evidentiary Hearing.

I.  Introduction

On September 17, 2014, a federal grand jury in the Western District of Oklahoma returned an Indictment, charging Mercer with accessing or attempting to access child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). On September 19, 2014, the government filed its Notice and Motion in Limine to Admit Rule 414 Evidence. On October 5, 2014, Mercer filed a notice of intent to rely on the defense of alibi. On January 12, 2015, the Court held a hearing on the admissibility of the Rule 414 Evidence, and at the conclusion of the hearing, the Court granted the government's Motion in Limine to Admit Rule 414 Evidence.

A jury trial was held January 13, 2015 through January 15, 2015. On January 15, 2015, the jury found Mercer guilty on all counts. On August 7, 2015, Mercer was sentenced to 265

months of imprisonment. Mercer appealed his conviction to the Tenth Circuit Court of Appeals, asserting that the Court abused its discretion in concluding that the probative value of the Rule 414 evidence was substantially outweighed by the risk of unfair prejudice. The Tenth Circuit affirmed Mercer's conviction. *See United States v. Mercer*, 653 F. App'x 622 (10th Cir. 2016).

II. Discussion

Mercer asserts the following four grounds in support of his § 2255 motion: (1) Mercer's Eighth Amendment right to be free from punishment on the basis of actual innocence and his Fourteenth Amendment right to a fair trial and equal protection of the laws were violated when the government presented the jury with evidence that was purposefully altered; (2) Mercer's counsel was ineffective based upon his failure to investigate mitigating evidence; (3) the Court abused its discretion by not using the basic threshold requirements of the Federal Rules of Evidence to determine the admissibility, relevance, and probative value of the Rule 414 similar act evidence; and (4) the Court abused its discretion when it sentenced Mercer for the possession of child pornography, along with enhancements for that possession, when he was not charged with possession of child pornography.

A. Procedural bar

The government asserts that grounds one and four in support of Mercer's § 2255 motion are procedurally barred.[1] Mercer did not raise either of these grounds in his direct appeal.

"[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (internal quotations and citations omitted). "A defendant who fails to present an issue on direct appeal is barred from

---

[1] The government asserts that ground three is the same issue that Mercer presented on appeal. However, to the extent that ground three presents new issues not raised on appeal, the government asserts that it would be procedurally barred.

raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.* at 378. "If the government raises procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown." *Id.*

The "cause and prejudice" standard requires a defendant to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also that the error he alleges "worked to his actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). Cause may be established by showing that the factual or legal basis for a claim was not reasonably available to the defendant at the time, that interference by governmental officials made compliance impracticable, or that counsel was constitutionally ineffective. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

A "fundamental miscarriage of justice" means that the defendant is actually innocent of the offense. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Further, "if a defendant can adduce new evidence in post-conviction proceedings showing that constitutional error probably resulted in the conviction of one who was actually innocent, the court may reach the merits of otherwise defaulted claims." *United States v. Cervini*, 379 F.3d 987, 991 (10th Cir. 2004) (internal quotations and citations omitted). "In order to meet this standard, however, [t]he petitioner [is] required to establish, by a fair probability, that the trier of facts would have entertained a reasonable doubt of his guilt." *Id.* (internal quotations and citation omitted). Further,

> [t]here must be a showing that no reasonable juror would have found the defendant guilty. This requires a probabilistic determination about what reasonable, properly instructed jurors would do. Ultimately, actual innocence is not an easy showing to make: To be

3

> credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Id.* at 991-92 (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that Mercer has neither shown cause for his procedural default and actual prejudice resulting from the alleged error nor shown that a fundamental miscarriage of justice will result if these grounds for relief are not addressed. Specifically, the Court finds that Mercer has not shown that he is actually innocent of the offenses. Mercer has not presented any new evidence but has simply made new arguments regarding old evidence; the Ares shareh.dat log was provided to defendant through the discovery process prior to trial.[2] Additionally, the Court finds Mercer has not shown that no reasonable juror would have found him guilty. Accordingly, the Court finds that Mercer's first and fourth grounds for relief, as well as Mercer's third ground for relief to the extent it raises issues not addressed on appeal, are procedurally barred.

B. Ineffective assistance of counsel

In his second ground for relief, Mercer asserts his counsel was ineffective by failing to realize a defect with the charging language, failing to realize exculpatory discrepancies with the forensic data, and for not letting him review discovery. To prevail on a claim of ineffective assistance of counsel, Mercer must first show:

> his counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness. To make this showing, [movant] must overcome a strong presumption that

---

[2] Further, the Ares shareh.dat log represents when previously downloaded files were shared via the Ares peer-to-peer file sharing software. GE 401 represents when child pornography was downloaded, not when it was shared. Thus, the Ares shareh.dat log is not relevant to GE 401.

4

> counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy. Second, he must demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

*Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998); s*ee also Strickland v. Washington*, 466 U.S. 668 (1984). A court is not required to address both components of the test if the movant makes an insufficient showing on one, and, thus, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. Further, Mercer bears the burden of identifying specific acts or omissions of counsel which were not "the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Conclusory allegations of ineffective representation are insufficient. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Having carefully reviewed the parties' submissions, the Court finds that Mercer has not shown that his counsel provided ineffective assistance. Specifically, the Court finds that Mercer's counsel was not deficient in failing to challenge the Indictment based upon the specific language of the statute at issue. 18 U.S.C. § 2252A(a)(5)(B) provides that it is a violation for any person to "knowingly access[] with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography". Mercer was charged with just such conduct.

Additionally, the Court finds that Mercer's counsel was not deficient in failing to challenge GE 401 based on the Ares shareh.dat log. As set forth above, the Ares shareh.dat log represents when previously downloaded files were shared via the Ares peer-to-peer file sharing software. GE 401 represents when child pornography was downloaded, not when it was shared. Thus, the Ares shareh.dat log is not relevant to GE 401.

5

Finally, the Court finds that Mercer has not shown that he suffered any prejudice from any of the remaining allegations of ineffectiveness, including his counsel's alleged failure to show him all of the discovery. Specifically, the Court finds that Mercer has not demonstrated there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

Accordingly, the Court finds that Mercer's second ground for relief should be denied.

C. Similar acts evidence

In his third ground for relief, Mercer asserts that this Court abused its discretion at trial by admitting the Rule 414 evidence. Specifically, Mercer asserts that the Court should have used the basic threshold requirements of the Federal Rules of Evidence to determine the admissibility, relevance, and probative value of the Rule 414 evidence. In his appeal to the Tenth Circuit, Mercer asserted that the Court abused its discretion in concluding that the probative value of the Rule 414 evidence was substantially outweighed by the risk of unfair prejudice. The Tenth Circuit held:

> The district court did not abuse its discretion in applying the Rule 403 balancing test. Even if it erred on any individual factor, the court's overall decision to admit the evidence was within the bounds of permissible choice under the circumstances and was not arbitrary, capricious or whimsical. It was reasonable to conclude that the probative value of the evidence (as intended by Congress) was not substantially outweighed by the risk of unfair prejudice.

*United States v. Mercer*, 653 F. App'x 622, 630-31 (10th Cir. 2016).

The Tenth Circuit has consistently held that issues previously raised and decided on direct appeal cannot be raised under § 2255. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). Further, "[a]bsent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) (internal citation omitted). Because

Mercer raised this same issue on direct appeal, the Court finds that it cannot be raised in his § 2255 motion. Accordingly, the Court finds that it should not consider ground three on its merits.

III. Evidentiary Hearing

As set forth above, Mercer's motion does not set forth a basis for relief from his conviction or sentence. Because that conclusion is conclusively shown from the record and from the nature of Mercer's claims, the Court finds there is no need for an evidentiary hearing on this motion. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Mercer's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 16th day of July, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE