**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DONOVAN GENE MERCER, ) <br> ) <br> Defendant. ) | Case No. CR-14-280-PRW |

## ORDER

Donovan Gene Mercer was convicted of violating 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) for accessing or attempting to access a computer disk that contains child pornography. His conviction was affirmed on direct appeal and the district court denied his subsequent 28 U.S.C. § 2255 motion for habeas relief on procedural grounds and without an evidentiary hearing. He then requested a certificate of appealability from the Tenth Circuit to challenge the district court's denial of his motion. The Tenth Circuit granted his request in part: it granted Defendant a certificate of appealability and vacated the portions of the district court's judgment denying (1) his claim challenging the accuracy of Trial Exhibit 401, and (2) his claims of ineffective assistance of counsel related to Trial Exhibit 401, but denied a certificate of appealability as to all other claims raised in his motion. Accordingly, the case was remanded to this Court for an evidentiary hearing on these two issues and to enter a new judgment. For the reasons set forth below, the motion is denied.

*Background*

Defendant contends that the government submitted false evidence at trial, namely Trial Exhibit 401,[1] a summary exhibit listing the dates and times of child pornography file downloads to Defendant's computer. These files were downloaded to Defendant's computer using a program called Ares, and in pretrial discovery, the government produced many Ares logs, like Hearing Exhibit 2,[2] to the defense. Defendant claims that the times listed in Trial Exhibit 401 were advanced five to six hours from those listed in the Ares logs. This matters, he argues, because while he could have been home downloading files at some of the times listed in Trial Exhibit 401, he has an alibi for at least some of the times listed in the Ares logs.

Springing from this allegedly false evidence issue, Defendant also contends that his trial counsel was ineffective for failing to fully explore these issues and make an alibi defense.

*Standard of Review*

Federal prisoners may collaterally attack an otherwise final sentence with a motion pursuant to 18 U.S.C. § 2255. Under § 2255, if a district court finds "that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack," then it must "vacate and set the judgment aside .

---

[1] This exhibit was admitted at trial as Government Exhibit 401 and the evidentiary hearing as Exhibit 3.

[2] This exhibit was not admitted at trial but was admitted at the evidentiary hearing as Exhibit 2.

. . ."[3] The defendant must demonstrate his right to relief by a preponderance of the evidence.[4]

*Evidentiary Hearing*

An evidentiary hearing on Defendant's § 2255 motion was held on August 27, 2019. The defense put on no evidence. The government called computer forensic expert Robert Harden to testify. In his testimony, Mr. Harden offered his expert opinion that the dates and times of file downloads listed in Trial Exhibit 401 accurately reflect the local time in Noble, Oklahoma, the location of Defendant's computer, and thus accurately state the actual local time of the file downloads.[5] He explained that he reached this conclusion by taking custody of Defendant's hard drive, making a copy of the data on the hard drive, and analyzing the data with a decryption tool called Internet Evidence Finder.[6] This same data was analyzed previously by Ken Rogers, the original FBI computer analyst, using a prior version of Internet Evidence Finder to decrypt the hard drive data and then populate Trial Exhibit 401.[7] In Mr. Harden's independent test, then, he used both the current version and the version of Internet Evidence Finder used by Mr. Rogers to analyze the data and found that the file download times in his recreated tests match those listed in Trial Exhibit 401.[8]

---

[3] 18 U.S.C. § 2255(b).

[4] *See United States v. Washington*, 890 F.3d 891, 895 (10th Cir. 2018); *United States v. Ashton*, 961 F. Supp. 2d 7, 11 (D.D.C. 2013).

[5] Tr. of Evidentiary Hr'g 7:23–8:8, Aug. 27, 2019.

[6] *Id*. 9:3–:8.

[7] *Id*. 8:9–:24; 12:7–13:2.

[8] *Id*. 12:7–13:13.

Mr. Harden corroborated his findings by installing Ares to a computer, downloading a file (a Bible reading guide) using Ares, and then using Internet Evidence Finder to analyze the accuracy of the date and time Internet Evidence Finder stated that the file was downloaded.[9] Based on this independent test, Mr. Harden found that Internet Evidence Finder accurately stated the actual time he downloaded the Bible reading guide.[10]

Mr. Harden also addressed Hearing Exhibit 2, an Ares log that requires the addition of five or six hours (depending on whether Daylight Saving Time was in effect) to download times to reflect central time, the time zone of Noble, Oklahoma.[11] He explained that Hearing Exhibit 2 was created using a decryption tool other than Internet Evidence Finder.[12] He also testified of his belief that this tool states the download times differently than Internet Evidence Finder because the tool believes that it needs to convert the times to local time, when such a conversion is actually unnecessary because the times already reflect central standard time.[13]

Defense counsel cross examined Mr. Harden.[14]

### *Findings of Fact*

1. Trial Exhibit 401 was admitted into evidence in Defendant's trial.[15]

---

[9] *Id.* 18:3–19:7.
[10] *Id.* 18:18–:19.
[11] *Id.* 22:1–:23.
[12] *Id.* 22:2–:4.
[13] *Id.* 22:7–:9.
[14] *Id.* 23:19.
[15] *Id.* 34:25; 25:1.

2. The information contained in Trial Exhibit 401 was populated by data that was originally analyzed by FBI computer analyst Ken Rogers using an older version of the decryption tool Internet Evidence Finder.[16]

3. The information contained in Trial Exhibit 401 was not populated by information from Hearing Exhibit 2.[17]

4. Computer forensic expert Robert Harden analyzed a copy of the same data FBI computer analyst Ken Rogers analyzed to populate Trial Exhibit 401.[18]

5. Computer forensic expert Robert Harden tested the accuracy of the file download time information contained in Trial Exhibit 401 and concluded that it correctly reflects the local time in Noble, Oklahoma (Central Standard Time).[19]

6. He did this by analyzing the data contents of a hard drive that was seized from Defendant and that Mr. Rogers analyzed to populate Trial Exhibit 401.[20]

7. By using the current version and prior version of Internet Evidence Finder used by Mr. Rogers, Mr. Harden confirmed the accuracy of the dates and times listed in Trial Exhibit 401.[21]

8. Mr. Harden corroborated his findings by performing his own independent test to determine the correct file download time of the data that populates Trial Exhibit 401. He installed

---

[16] *Id.* 16:7–:15.
[17] *Id.* 14:9–:14.
[18] *Id.* 8:9–:24.
[19] *Id.* 25:1–:19.
[20] *Id.* 8:9–:25; 9:3–8.
[21] *Id.* 12:7–13:13.

Ares to a computer and downloaded a Bible reading guide, and then processed the relevant data through the current and prior version of Internet Evidence Finder used by Mr. Rogers and found the dates and times listed in the outputs for both versions to be accurate.[22]

9. The Court has been presented with no evidence that Trial Exhibit 401 is inaccurate.

10. Hearing Exhibit 2, an Ares log produced to defense counsel, was not admitted into evidence at Defendant's trial.[23]

11. A decryption tool other than Internet Evidence Finder was used to create the information in Hearing Exhibit 2.[24]

12. Mr. Harden believes that this tool determines the accurate download time (in this case, central time), but then unnecessarily subtracts five or six hours in its ultimate information output. As a result, the addition of five or six hours is required to undo this unnecessary conversion and to reflect the actual time of download in central time.[25]

### *Conclusions of Law*

1. The Defendant did not establish by a preponderance of the evidence that he is entitled to relief because the evidence shows that the dates and times listed in Trial Exhibit 401 are in fact accurate.

---

[22] *Id*. 18:8–19:7.
[23] *Id*. 35:1–:3.
[24] *Id*. 22:2–:4.
[25] *Id*. 22:1–:23.

2. Since the dates and times listed in Trial Exhibit 401 are accurate, the use of Trial Exhibit 401 against Defendant at trial did not violate his constitutional rights because his conviction was not obtained using false evidence.

3. Since the dates and times listed in Trial Exhibit 401 are accurate, the failure of Defendant's trial counsel to show him certain discovery and to pursue an alibi defense do not equate to ineffective assistance of counsel. Defendant was not prejudiced by these inactions and the performance of Defendant's trial counsel was not deficient.

*Conclusion*

Accordingly, the Court **DENIES** Defendant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 147).

**IT IS SO ORDERED this 23rd day of September, 2019.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE