IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONOVAN GENE MERCER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-14-00280-PRW |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

# ORDER

Before the Court is Plaintiff Mercer's second Motion for Reconsideration of a Judgment (Dkt. 216), seeking reconsideration of the judgment on his original habeas petition pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

The protracted procedural history of this case was set out in detail in this Court's previous Order (Dkt. 215), which denied Mercer's second Rule 60(b)(6) motion (Dkt. 213). That Order—on Mercer's second Rule 60(b)(6) motion—sought relief from the ruling on Mercer's original habeas petition and to reopen the proceedings of the original habeas petition. After that motion was denied, Mercer filed this second Rule 59(e) motion for reconsideration.

Rule 59(e) "gives a district court the chance to rectify its own mistakes in the period immediately following its decision. . . . [i]n keeping with that corrective function, federal courts generally have used Rule 59(e) only to reconsider matters properly encompassed in

1

a decision on the merits."[1] A Rule 59(e) motion "should be granted only to correct manifest errors of law or to present newly discovered evidence."[2] Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."[3]

Mercer advances three arguments in the current motion: (1) that the Court incorrectly found that he had not requested counsel before Judge Miles-LaGrange during his original habeas proceedings, and also that the Court legally erred in concluding that he had no right to counsel at the point of his claimed request; (2) that the Court legally erred in concluding that any alleged procedural error resulting in improper denial of counsel did not, by itself, prevent a merits determination of Mercer's claims, as is required for a Rule 60(b)(6) motion; and (3) that the Court legally erred in concluding that Mercer had not established good cause to reopen his habeas proceedings. The United States did not file a response to this motion. The Court now addresses and rejects each of Mercer's arguments in turn.

*Request for Counsel*

To begin, Mercer argues that the Court erred in its ruling on his request for counsel during his original habeas proceedings. This supposed error must be reviewed in light of relevant legal inquiry for Mercer's previous motion, which was brought pursuant to Rule

---

[1] *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (alterations and internal quotation marks omitted).

[2] *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).

[3] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

60(b)(6).[4] Mercer's argument has two parts. Neither provides a basis to disturb the previous order under Rule 59(e).

First, Mercer challenges the Court's factual conclusion that "Mercer never requested appointment of counsel in his original habeas motion."[5] At the beginning of this habeas process, Mercer filed both a Motion to Vacate Under 28 U.S.C. § 2255 (Dkt. 147) and a separate Memorandum in Support (Dkt. 148). In both his previous and current motions, Mercer claims to have requested appointment of counsel on page 1 of the memorandum in support. However, a careful review of page 1 of the brief—and the remainder of the brief— reveals no request for counsel. To be sure, on the *title* page of the brief, Mercer wrote "Brief on Movant's Motion Under 28 U.S.C. § 2255" and "Request Appointment of Effective Counsel" and "Request Evidentiary Hearing." Yet nowhere in the brief's arguments, conclusions, or requests did Mercer state that he sought the appointment of counsel to assist him. Since one label amongst a cluster of other labels on the title page of a brief cannot change a complete lack of substantive arguments or requests within the brief—particularly here, where Mercer had no general right to counsel in a habeas proceeding and needed to present detailed arguments sufficient to overcome this default prohibition—there is no

---

[4] A "true" or proper Rule 60(b) motion either "(1) challenges a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas motion." *West v. Champion*, 363 F. App'x 660, 662 (10th Cir. 2010) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006)); *see also Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005). The Court cites unpublished decisions of the Tenth Circuit for their persuasive value, consistent with Tenth Cir. R. 32.1 and Fed. R. App. P. 32.1.

[5] Order (Dkt. 215), at 7.

error in the conclusion that Mercer did not formally request the appointment of counsel in any way sufficient to make it error for Judge Miles-LaGrange to not address such a request. However, even if the Court did err in this factual determination and even if Mercer did properly request counsel in his memorandum in support of habeas, that fact would not change the overall conclusion that Judge Miles-LaGrange did not legally err in denying such a request, because Mercer had no right to counsel at that stage of the proceeding.

Mercer continues to contest this conclusion as the second piece of his argument on the request for counsel. Mercer previously argued that 18 U.S.C. § 3006(A) guaranteed him a Sixth Amendment right to counsel "at every stage of the proceedings from his initial appearance before the United States Magistrate or the court through appeal, including ancillary matters appropriate to the proceedings."[6] He argues that by ordering the United States to respond to his original habeas petition, Judge Miles-LaGrange created an "ancillary matter" such that his right to counsel attached immediately.[7]

However, this argument was legally erroneous to begin with and Mercer has supplied no additional authority to make it any more plausible. It is well-settled that "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal

---

[6] Second Rule 60(b)(6) Motion (Dkt. 214), at 7.

[7] Mercer also argues that "if Judge Miles-LaGrange had not ordered the United States to answer the habeas petition then the United States would not have evoked the procedural default, and Mercer would not have been burdened with overcoming it." *See* Second Rule 59(e) Motion (Dkt. 216), at 4. Yet this argument incorrectly assumes that Judge Miles-LaGrange would have been free to ignore the procedural bar if the United States had not raised it. This assumption is manifestly incorrect—regardless of whether or not the United States raised the issue of the procedural bar, Judge Miles-LaGrange was bound to make the legally correct ruling and apply the procedural bar.

conviction"[8] and that even when a habeas petitioner specifically requests counsel, "the district court has broad discretion" to grant or deny that request.[9] Only when a district court determines an evidentiary hearing is necessary to resolve the habeas claims must the habeas petitioner "be afforded counsel."[10] 18 U.S.C. § 3006(A)'s discussion of "ancillary matters" does not change this baseline legal principle. The Tenth Circuit clearly stated in *United States v. Howell*[11] that "[habeas] petitions do not implicate the guarantee in federal law of 'represent[ation] at every stage . . . including ancillary matters appropriate to the proceedings.'"[12]

As a core matter of law, Mercer did not have a right to counsel during his habeas proceedings unless and until the reviewing judge determined that an evidentiary hearing was necessary. Since Judge Miles-LaGrange determined that an evidentiary hearing was not necessary to resolve Mercer's habeas petition, Mercer had no right to counsel and thus there was no error in Judge Miles-LaGrange exercising her "broad discretion" to deny his supposed request for counsel (even had he made such a request properly). No habeas proceeding "ancillary matter" short of an evidentiary hearing changes this principle of law,

---

[8] *Nicholls v. Long*, 2022 WL 211617, at *10 (10th Cir. 2022) (quoting *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008)).

[9] *See id.* (finding no error in the denial of habeas petitioner's request for counsel) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

[10] *Id.*

[11] 573 F. App'x 795 (10th Cir. 2014).

[12] *Id.* at 801 (quoting 18 U.S.C. § 3006(A)). The Court cites unpublished decisions of the Tenth Circuit for their persuasive value, consistent with Tenth Cir. R. 32.1 and Fed. R. App. P. 32.1.

and neither 18 U.S.C. § 3006(A) nor 28 U.S.C. § 2255(b) alters the foundation rule that a habeas petitioner does not have a right to counsel until an evidentiary hearing has been ordered. Mercer had no right to counsel, and Judge Miles-LaGrange's order to the United States to respond to the habeas petition did not give Mercer a right to counsel to assist with his briefing.

Accordingly, even if Mercer correctly requested the assistance of counsel in his memorandum in support of habeas, there was no legal error in Judge Miles-LaGrange's denial of such a request.

*Prevention of Merits Determination*

Next, Mercer argues that the Court erred in concluding that the "supposed denied request for counsel did not ultimately prevent a merits determination."[13] His argument is simple: "Judge Miles LaGrange did not make a merits determination on [Issues One, Three, and Four] in the habeas petition. . . . No where in Judge Miles-LaGranges July 16, 2018 order does she discus [sic] the merits or the constitutionality of Mercer's habeas claims."[14]

However, the occurrence or nonoccurrence of a merits determination on Mercer's claims must not be considered in a vacuum. The Court's previous order resolved a Rule 60(b)(6) motion, where the relevant inquiry was whether "a procedural ruling of the habeas court which precluded a merits determination of the habeas application."[15] Mercer's argument is that an erroneous procedural ruling by Judge Miles-LaGrange (the supposed

---

[13] Order (Dkt. 215), at 8.

[14] Second Rule 59(e) Motion (Dkt. 216), at 5.

[15] *West*, 363 F. App'x at 662.

6

improper denial of his request for counsel) prevented him from receiving a merits determination on Issues One, Three, and Four of his habeas petition. Judge Miles-LaGrange declined to conduct a merits inquiry because she correctly concluded that these three claims were all procedurally barred—either waived on appeal or raised and decided on appeal. Even had Judge Miles-LaGrange ordered counsel to help Mercer with his briefing, this procedural bar still applied and Mercer's habeas petition would have still been decided without a merits determination. Thus, Judge Miles-LaGrange's procedural ruling on the supposed request for counsel was not the reason Mercer did not receive merits determination of his claims, as would have been required for relief in Mercer's prior Rule 60(b)(6) motion.

Accordingly—assuming for the sake of argument that the supposed denial of request for counsel was improper—that denial did not, by itself, prevent a merits determination of Mercer's Issues One, Three, and Four in his original habeas petition. Those claims were precluded from merits determinations by other, independent procedural bars. So there was no error in the Court's prior ruling that any alleged procedural error by Judge Miles-LaGrange did not preclude the merits determination of Mercer's claims and thus Mercer was not entitled to Rule 60(b)(6) relief.

*Cause to Excuse Procedural Default*

Finally, Mercer argues that the Court clearly erred in its consideration of whether there was good cause to excuse the procedural default and waiver of his claims. Mercer appears to present at least three different arguments here: (1) that the Court failed to address whether good cause to excuse the waiver could have been proved with the assistance of

7

counsel, (2) that the Court erred in concluding that "Mercer's case falls very far outside the "narrow exception" established by *Martinez*[*v. Ryan*] and *Trevino*[*v. Thaler*], so the general rule of *Coleman*[*v. Thompson*] applies," and (3) that the Court erred in concluding that an issue preserved for appeal could be forfeited at all. The Court addresses and rejects each argument in turn.

*First*, as a general rule, issues waived on direct appeal may still be raised in a subsequent habeas proceeding upon a showing of "cause for his procedural default and actual prejudice resulting from the alleged errors" or that "a fundamental miscarriage of justice will occur if his claim is not addressed."[16] Mercer argues that the Court "decided to ignore [sic]" whether the appointment of counsel to assist his habeas briefing could have helped him establish good cause to excuse the waiver, and claims that he "required the guiding hand of counsel—to which he was denied—to show cause for that procedural default because he did not have the skill or knowledge to do so himself, and appointed counsel would have known."[17] While no doubt counsel could have assisted Mercer in matters which he knows little about, the simple assertion that arguments could have been presented better with counsel's assistance provides no exception to the general rule that habeas petitioners do not have a right to the assistance of counsel.

Furthermore, "cause and prejudice" sufficient to overcome the procedural bar requires a showing that the factual or legal basis for a claim was not reasonably available

---

[16] *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

[17] Second Rule 59(e) Motion (Dkt. 216), at 5, 8.

to the defendant at the time, that interference by governmental officials made compliance impracticable, or that counsel was constitutionally ineffective.[18] Mercer has identified no reason why his waived claims were unavailable at the time of appeal, no indication that government officials made compliance with the appeals requirement impracticable, and even no clear proof that his appellate counsel was constitutionally ineffective.[19] Therefore, Mercer has demonstrated no reason to conclude that he could have shown good cause to excuse his procedural default even with the appointment of counsel to assist him with briefing.

*Second*, Mercer appears to argue that the Court legally erred in concluding that his case falls outside of the narrow exception established in *Martinez v. Ryan*[20] and *Trevino v. Thaler*,[21] which stated that a habeas petition who was convicted in a state court of a state that required ineffective assistance of trial counsel claims to be brought in a state postconviction collateral review proceeding (rather than on direct appeal) could establish good cause to excuse his waiver of issues for failure to present the issue in that state postconviction collateral review proceeding. The Court correctly concluded that Mercer's

---

[18] *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

[19] *See Upchurch v. Bruce*, 333 F.3d 1158, 1164 (10th Cir. 2003) (when reviewing claims of ineffective assistance of appellate counsel due to omission of a preserved argument, "deferential consideration must be given to any professional judgment involved in its omission") (citing *Smith v. Robbins*, 528 U.S. 259, 288 (2000)); *see also Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) ("[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.").

[20] 566 U.S. 1 (2012).

[21] 569 U.S. 413 (2013).

9

case does not fall within the *Martinz-Trevino* exception. Mercer's waived claims were not ineffective assistance of trial counsel.[22] Mercer was not convicted in state court. Mercer was not subject to a regime that required him to present in claims in a postconviction collateral review proceeding. Mercer did have the opportunity to present his claims in a direct appeal. Any single one of these differences removes his case from the scope of the *Martinz-Trevino* exception, and he has presented no legal arguments or authorities indicating why the Court might have been wrong in so concluding.

*Third*, Mercer claims that "[w]hen trial counsel preserves an issue for review on appeal it cannot be procedurally barred or forfitted because it has been preserved for review on appeal."[23] It is not clear how this argument goes to proving good cause to excuse the waiver and procedural bar. But it is clear that this argument is legally incorrect. An issue must be preserved at trial in order to be presented on appeal. And it is clearly established that "[a] defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion."[24] Mercer also cites no authority for his proposition that preserved errors cannot be forfeited. The Court finds no legal significance to this argument and that

---

[22] Mercer claims that "ineffective assistance of trial counsel is nothing more than the denial of ones Sixth Amendment right to effective counsel," and that he qualifies for the exception because he seeks to "rais[e] a claim of ineffective assistance of post conviction counsel." Second Rule 59(e) Motion (Dkt. 216), at 8. But the Court will not squint at generalities in an attempt to see two very different types of claims as synonymous, particularly where the Supreme Court has clearly spoken and defined what cases and claims satisfy the *Martinz-Trevino* exception.

[23] Second Rule 59(e) Motion (Dkt. 216), at 7.

[24] *Allen*, 16 F.3d at 378.

this argument presents no reason for disturbing the Court's ruling on the second Rule 60(b)(6) motion.

## *Conclusion*

In sum, Mercer failed to identify any manifest errors of law and has not presented any new evidence. He has failed to demonstrate that the Court "misapprehended the facts, a party's position, or the controlling law" in relation to his second Rule 60(b)(6) motion. Mercer has not shown that the Court's Order denying that motion was incorrect, and so has not shown entitlement to reconsideration of that Order or reconsideration of his original habeas petition. Accordingly, his Second Rule 59(e) Motion (Dkt. 216) is **DENIED**.

**IT IS SO ORDERED** this 6th day of July 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE