**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-14-280-PRW |
| | ) | |
| DONOVAN GENE MERCER, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is Donovan Gene Mercer's "Third Motion Pursuant to Federal Rule of Civil Procedure 60(b)(6)" (Dkt. 230). Mercer "seek[s] out a merit determination of his original 28 U.S.C. § 2255 complaints." On October 2, 2025, Mercer filed a "Motion for Summary Judgment" (Dkt. 232), in which he "moves for a summary judgment on his uncontested Third Motion Pursuant to Federal Rule [of] Civil Procedure 60(b)(6)[.]" Upon review, the Court **DENIES** both Motions (Dkts. 230, 232).

## I.    Rule 60(b)(6)

Mercer has now spent around a decade attempting to vacate, reconsider, or appeal his conviction for possessing child pornography.[1] All these attempts have been rejected. Mercer now files his third Rule 60(b)(6) motion, once again seeking relief from the ruling on his original 28 U.S.C. § 2255 petition and asking the Court to vacate his conviction. For the first Rule 60(b)(6) motion, this Court found that his challenge was not a "true" Rule

---

[1] A more detailed procedural history of this case was set out in this Court's previous Order (Dkt. 215).

60(b)(6) motion,[2] construed it as a second habeas petition, and transferred it for consideration to the Tenth Circuit (Dkt. 208). The Tenth Circuit subsequently denied the motion and ruled that this denial "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."[3] Undeterred, Mercer then filed a second Rule 60(b)(6), asking the Court to reopen his case at the original § 2255 stage and to appoint counsel to assist him. With this second motion, Mercer finally identified two potential procedural errors with his prior habeas proceeding: (1) the judge erred by denying him the assistance of counsel and (2) there is no procedural bar on waived claims when failure to present them on direct appeal is caused by the ineffective assistance of appellate counsel. The Court considered these arguments and denied the second Rule 60(b)(6) motion (Dkt. 215).

Now, Mercer argues that this Court must reopen the § 2255 inquiry because the judge presiding over the proceedings, Judge Miles-LaGrange, erred "by not examining prejudice before she dismissed them to a procedural bar."[4] But Mercer is incorrect. Judge Miles-LaGrange did in fact analyze actual prejudice before applying the procedural bars to

---

[2] A "true" or proper Rule 60(b) motion either "(1) challenges a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas motion." *West v. Champion*, 363 F. App'x 660, 662 (10th Cir. 2010) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006); see also *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005). The Court cites unpublished decisions of the Tenth Circuit for their persuasive value, consistent with Tenth Cir. R. 32.1 and Fed. R. App. P. 32.1.

[3] Tenth Circuit Order (Dkt. 212), at 6.

[4] Third Mot. (Dkt. 230), at 6.

Mercer's first, third, and fourth grounds for relief.[5] Accordingly, there was no procedural error in the previous denial of Mercer's motion to vacate under § 2255.

The Court would also deny Mercer's third Rule 60(b)(6) motion because it is untimely. Rule 60(b)(6) motions "must be brought within a reasonable time."[6] Judge Miles-LaGrange issued her order denying the motion to vacate on July 16, 2018. Mercer did not file this third Rule 60(b)(6) motion until more than six years later, after already pursuing two unsuccessful Rule 60(b)(6) motions in the interim. Under these circumstances, the Court finds that the six-year delay between the underlying order and Mercer's latest challenge is unreasonable.[7]

## II.    Rule 56

Federal Rule of Civil Procedure 56 does not apply to this proceeding.[8] The Court therefore will not assess Mercer's third Rule 60(b)(6) motion under the summary judgment standard. The Court's analysis into Mercer's third Rule 60(b)(6) motion properly handles the arguments raised in his Motion for Summary Judgment (Dkt. 232).

---

[5] Order Denying § 2255 Relief (Dkt. 166), at ("Having carefully reviewed the parties' submissions, the Court finds that Mercer has neither shown cause for his procedural default and actual prejudice resulting from the alleged error nor shown that a fundamental miscarriage of justice will result if these grounds for relief are not addressed.").

[6] *Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006).

[7] *Barber v. Jones*, No. CIV-06-1260-W, 2011 WL 1327406, *2 (W.D. Okla. Mar. 9, 2011) (finding that the defendant waited too long to invoke Rule 60(b)(6) after waiting over three years to file).

[8] Fed. R. Civ. P. 56(a).

### III.    Inappropriate Filings

Not only has Mercer spent years flooding the Court with Rule 60(b)(6) motions and other motions, but he has also recently filed a letter stating "[t]his Court has done wickedness before the eyes of God" and asking "that it should repent before He should decide to take His pound of flesh."[9] This veiled threat is inappropriate and Mercer shall refrain from similar comments in any future filings. Should Mercer continue to do so, the Court will require him to seek leave of Court for any future filings.[10]

### *Conclusion*

Accordingly, the Court **DENIES** Mercer's "Third Motion Pursuant to Federal Rule of Civil Procedure 60(b)(6)" (Dkt. 230) and "Motion for Summary Judgment" (Dkt. 232). The Court also **STRIKES** Mercer's Letter (Dkt. 231).

**IT IS SO ORDERED** this 24th day of April 2026.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[9] Letter (Dkt. 231), at 4.

[10] *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1345 (10th Cir. 2006).